Eugenie Veit et al. *v.* Lower Southampton, Bucks County Municipal Authority and Lower Southampton Township. Lower Southampton, Bucks County Municipal Authority, Appellant.

Argued, April 10, 1980, before Judges Wilkinson, Jr., Mencer and MacPhail, sitting as a panel of three.

*Thomas E. Timby, Timby and Dillon,* for appellant.

*William F. Schroeder, Stuckert, Yates & Krewson,* for Eugenie Veit et al., appellee.

*Ronald J. Smolow, Groen and Smolow,* for Lower Southampton Township, appellee.

OPINION BY JUDGE WILKINSON, JR., May 1, 1980:

Appellant Lower Southampton, Bucks County Municipal Authority (Authority) appeals from an order of the Court of Common Pleas of Bucks County directing the Authority to provide appellees sewer service by connection with an existing sewer main of the Authority and fixing the amount of the appellees' capital contribution to the Authority at $10,584.00 in addition to other estimated construction costs to be incurred by appellees. Common Pleas Judge KELTON's opinion, filed to No. 78-9315-12-5 in the Civil Division of the Court of Common Pleas of Bucks County, provides an able discussion and disposal of the issues presented to us on this appeal, and we affirm on that basis.

Appellees are the owners of a tract of land in Lower Southampton Township (Township). They filed

with the Township Board of Supervisors an application for aproval of a subdivision, proposing to divide the property into 11 industrial lots. Appellees' application to Authority for a sewer system envisioned a direct gravity-flow tie-in directly to an existing Authority sewer line contiguous to the eastern border of the appellees' property. Upon receipt of a letter from the Township Board of Supervisors, advising the Authority that the supervisors had unanimously voted that the sewer line be installed at an alternate location at no cost to other abutting landowners, the Authority directed that appellees' sewer connection be made at this alternate location. Both sewer connection systems would ultimately go to the same Authority line, but the Authority's more circuitous route would have required substantially more engineering and the acquisition of easements, would have resulted in an effluent flow in excess of the Authority's arrangement with Lower Moreland Township,[1] and would have increased the cost to appellees by at least $30,000.

Pursuant to Section 4B(h) of the Municipality Authorities Act of 1945, Act of May 2, 1945, P.L. 382, *as amended,* 53 P.S. §306B(h), appellees took an appeal to the court of common pleas which after a hearing de novo and argument before the court en banc entered the order described above. We agree that the record supports the conclusions that the Authority's rejec-

---

[1] Under an agreement dating from 1962, Lower Moreland Township was receiving gravity flow sewage into its sewage system from the Authority. Under that agreement Lower Moreland Township is to accept sewage from the vicinity of appellees' property in an amount not to exceed 25,000 gallons per day. Addition of only the sewage from appellees' property to the existing utilization of the capacity would still have kept the total effluent flow below the capacity limit, but addition of the sewage as contemplated under the alternate plan would have resulted in a flow exceeding the capacity limit.

tions of a simple and direct tie-in to its sewer system was an abuse of discretion and that the method of calculating the appellees' capital contribution used by the court of common pleas was proper.

Accordingly, we will enter the following

### ORDER

AND Now, May 1, 1980, the order of the Court of Common Pleas of Bucks County in Civil No. 78-9315-12-5, dated May 9, 1979, directing the Lower Southampton, Bucks County Municipal Authority to provide to the appellees in the above captioned case sewer service by connection with the existing sewer main of the Authority and fixing the amount of the appellees' capital contribution at $10,584.00, is affirmed.